IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk and Newport News Divisions

**FAHNTA S. HALES,**

        **Petitioner,**

v.                                          Criminal Action No. 4:01cr104 &
                                                                   2:01cr71

**UNITED STATES OF AMERICA,**

        **Respondent.**

**OPINION and ORDER**

Pending before the court is a Motion to Correct Illegal Sentence Pursuant to 18 U.S.C. § 3742(a)(1)(2), Rule 52(b), and 28 U.S.C. § 2244(a)(2)(A), filed by Fahnta S. Hales ("the petitioner") on January 17, 2006. The petitioner, in reliance on the decisions of Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005), claims that her sentence was unconstitutional because it was enhanced based on factors not admitted by the defendant nor found by a jury. Because the claim brought by the petitioner is a claim that challenges her conviction or sentence, the court construes the petition as one brought pursuant to section 2255. See 28 U.S.C. § 2255. Accordingly, the court finds that this petition is time-barred by the statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996. Furthermore, even if the court were to consider the substance of the petition, the court finds that it plainly appears from the face of the petition that the petitioner is not entitled to relief and that the petition would be subject to summary dismissal. See Rule 4, Rules Governing Section 2255 Proceedings. Accordingly, the

petitioner's motion is **DISMISSED.**

## I. Background

On September 26, 2001, the petitioner entered into a plea agreement with the government and pled guilty to count one of an indictment (2:01cr71) charging the petitioner with possession with intent to distribute cocaine, in violation of Title 21, United States Code, Section 841(a)(1), and a criminal information (4:01cr104) charging the defendant with bank fraud, in violation of Title 18, United States Code, Section 1344. On August 27, 2002, the court sentenced the petitioner to 84 months imprisonment on both counts to run concurrently. The petitioner did not appeal this sentence and has not previously filed a section 2255 petition. On January 17, 2006, the petitioner filed the instant motion. Because this matter is one that can be addressed without the assistance of the United States, this court has not ordered the United States to respond. See R. Governing § 2255 Proceedings in U.S. Dist. Cts. 4(b). Thus, this matter is now ripe for review.

## II. Discussion

The petitioner files her motion pursuant to 18 U.S.C. § 3742(a)(1)(2), Rule 52(b), and 28 U.S.C. § 2244(a)(2)(A) claiming that her sentence is unconstitutional based on Blakely v. Washington, 124 S. Ct. 2531 (2004) and United States v. Booker, 125 S. Ct. 738 (2005). Specifically, the petitioner claims that her sentence is unconstitutional because the court attributed her with an obstruction of justice enhancement based on facts not admitted by the defendant nor found by a jury. As the petitioner's claim challenges the imposition of her sentence, the court will construe the petition as one brought under section 2255. Such a motion is properly brought before the court which imposed the sentence. The court is mindful of the necessity of providing notice to the petitioner of the consequences if the court construes what has been labeled otherwise, as a motion

pursuant to section 2255. See United States v. Emmanuel, 288 F.3d 644, 649-650 (4th Cir. 2002). "Such a recharacterization can have serious consequences for the prisoner, for it subjects any subsequent motion under section 2255 to the restrictive conditions that federal law imposes upon a 'second or successive' (but not upon a first) federal habeas motion." See Castro v. United States, 2003 U.S. LEXIS 9197 at *6.

In Castro the Supreme Court adopted the same rule espoused in Emmanuel and held that a court may not recharacterize a pro se litigant's motion as the litigant's first section 2255 motion unless the court informs the litigant of its intent to recharacterize, warns the litigant that the recharacterization will subject any subsequent section 2255 motion to the law's restrictions on successive 2255 motions, and provides the litigant with the opportunity to withdraw or amend the filing. Id.  However, the Fourth Circuit explains: "[T]he notice requirements imposed . . . are based on the assumption that the recharacterization will have some adverse consequence on the movant. In cases where no adverse consequences will ensue, the district court need not give the movant any notice prior to proceeding with the recharacterization." Emmanuel, 288 F.3d at 650. As discussed below, because it has been approximately two and a half years since the petitioner's conviction became final, and the petitioner waived her right to collaterally attack her sentence, the court finds that the recharacterization will have no adverse consequence on the movant. Therefore, the court construes the petitioner's motion as one brought pursuant to section 2255.

The court observes that, if the petition is construed as one pursuant to section 2255, it is not timely. A petitioner collaterally attacking her sentence or conviction bears the burden of proving that her sentence or conviction was imposed in violation of the United States Constitution or laws, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the

maximum authorized by law, or that the sentence otherwise is subject to collateral attack. See 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214 (1996), made substantial changes to section 2255. The AEDPA includes stringent limitations on the filing of successive section 2255 petitions and assigns a "gatekeeping" function for the screening of habeas petitions. See Felker v. Turpin, 518 U.S. 651, 664 (1996) (addressing the AEDPA's impact on the Supreme Court's original jurisdiction). Most importantly, for purposes of addressing these petitions, the AEDPA implemented a one-year limitations period applicable to the filing of section 2255 petitions. In relevant part, section 2255 provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Also, among the AEDPA's more significant provisions is its stringent limitation on a federal prisoner's ability to bring a "second or successive" post-conviction motion pursuant to section 2255. See 28 U.S.C.A. § 2255. Specifically, a prisoner may only bring a second or successive section 2255

motion in one of two circumstances: The prisoner must either (1) have newly discovered evidence, or (2) be relying on a new rule of constitutional law that the Supreme Court has made retroactively applicable to collateral proceedings. See id.; Emmanuel, 288 F.3d at 647.

The petitioner was sentenced on August 27, 2002 and did not appeal her conviction. Thus, the petitioner's motion was filed approximately two and a half years after the date on which the judgment of conviction became final. See United States v. Sanders, 247 F.3d 141-144 (4th Cir. 2001). From the motion itself, there has been no showing of any impediment by the government that would have prevented the petitioner from filing her section 2255 motion at an earlier date, and the petitioner's claims are not based on any rights newly recognized by the Supreme Court which have been made retroactive on collateral review. States v. Morris, 429 F.3d 65 (4th Cir. 2005)(finding that Booker is not retroactive on collateral review). Therefore, the limitations period on the petitioner's section 2255 motion has expired.

In addition, as noted previously, the petitioner's motion is barred because she waived her right to collaterally attack her conviction or sentence. In order to be enforceable, "[a] waiver of collateral attack rights must . . . be knowingly, voluntarily, and intelligently entered." Moon v. United States, 181 F. Supp. 2d 596, 599 (E.D. Va. 2002) (citing Butler v. United States, 173 F. Supp. 2d 489, 493 (E.D. Va 2001)); see also  United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). In this case, the petitioner has set forth no reason for this court to believe that her waiver was not "knowingly, voluntarily, and intelligently entered"; thus, her waiver is deemed enforceable, and bars the plaintiff from collaterally attacking her sentence.

Moreover, regardless of whether the court construes the petitioner's motion as filed under section 2255, it should be dismissed because Booker is not retroactive on collateral review. As stated

above, in United States v. Morris, 429 F.3d 65 (4th Cir. 2005), the Fourth Circuit held that, although Booker announced a new rule, it is not retroactive on collateral review. See also United States v. Gentry, 432 F.3d 600, 601 (5th Cir. 2005); United States v. Cruz, 423 F.3d 1119, 1121 (9th Cir. 2005); Never Misses a Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005); Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. May 17, 2005); Guzman v. United States, 404 F.3d 139, 144 (2d Cir. 2005); United States v. Price, 400 F.3d 844, 849 (10th Cir. 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005); Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005); McReynolds v. United States, 398 F.3d 479, 481 (7th Cir. 2005). Hence, the petitioner's reliance upon the rule outlined in Booker is misplaced.

Finally, with regard to the petitioner's request that this motion also be construed as her notice of appeal, this court finds that the petitioner's request is untimely as it has been three and a half years since this court sentenced the petitioner. Fed. R. App. P. 4(b). Furthermore, the petitioner waived her right to appeal in conjunction with her plea agreement.

### III. Conclusion

Pursuant to the statute of limitations proscribed in the AEDPA, the petition filed on January 17 , 2006 is **DISMISSED**.  The court also concludes that even if the petition were timely, it would be subject to summary dismissal and must be **DENIED**.  Finding no substantial issue for appeal concerning a debatable procedural issue, a certificate of appealability is **DENIED**.  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The petitioner is **ADVISED** that she may appeal from the denial of a certificate of appealability by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within sixty (60) days

from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to the United States Attorney, Eastern District of Virginia, World Trade Center, Suite 1800, 101 West Main Street, Norfolk, Virginia 23510.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 3, 2006